James M. Piotrowski
Marty Durand
PIOTROWSKI DURAND, PLLC
P.O. Box 2864
1020 W. Main Street, Suite 440
Boise, Idaho 83701
Telephone: (208)331-9200
Facsimile: (208)331-9201
Email: James@idunionlaw.com
Email: Marty@idunionlaw.com

*Attorneys for Plaintiffs*

BEFORE THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS ALLIED FOR INTEGRITY AND ACCOUNTABILITY, INC., MELVIN and TERRI PERSON, JAMES and JAN MITCHELL, SUE BIXBY, MARTINA JARAMIOLLO, RYAN KECK, KRISTIE RAE COOPER, HARVEY and BERNICE EASTON, RANDY AND TERESA PAYNE, <br><br> Plaintiffs, <br><br> v. <br><br> DUSTIN MILLER, in his official capacity as Director of the Idaho Department of Lands, BETTY COOPERSMITH, MARC SHIGETA, JAMES CLASSEN, and RAY HINCHCLIFF, all in their official capacities as members of the Idaho Oil and Gas Conservation Commission, <br><br> Defendants. | Case No. 1:21-cv-367 <br><br><br> COMPLAINT FOR VIOLATION OF PROPERTY RIGHTS |

COME NOW the Plaintiffs, by and through undersigned counsel, and for their Complaint would show as follows:

## I. Nature of the Action

1. Plaintiff landowners bring suit to challenge a decision of the Idaho Oil and Gas Conservation Commission which approved the drilling of a well to extract natural gas and related products from their property and to allow a private corporation to drill for, capture and sell their valuable assets against their will, at prices they did not agree to, and without providing them adequate due process of law. The Idaho Oil and Gas Conservation Commission approved the drilling of a single well for a single pool of gas in a prior proceeding. Dissatisfied with this earlier deprivation of the Plaintiffs' property rights, in 2021 the Commission and the Idaho Department of Lands approved a new deprivation of separate property against the same land owners, this time without even a false showing of due process.  The approval of a second well, constitutes a new injury in that it initiates a second forced sale of Plaintiffs' property against their wishes. All of this constitutes a violation of the rights of Idaho property owners to control the use and disposition of property they own, and to avoid such deprivation of rights without due process of law.

## II. Parties, Jurisdiction, Venue

2. Plaintiff Citizens Allied for Integrity and Accountability, Inc. ("CAIA"), is an Idaho non-profit corporation.  As a membership organization, CAIA represents hundreds of members across southern Idaho, including members whose property was subject to the recent application for drilling permits and other orders issued by the Defendants and discussed in this complaint. CAIA brings suit in its associative and representative capacity, on behalf of its members affected by the proceedings set forth in this Complaint.

COMPLAINT – 2

3. Plaintiffs Melvin Person, Terri Person, James Mitchell, Jan Mitchell, Sue Bixby, Martina Jaramillo, Ryan Keck, Kristie Rae Cooper, Harvey Easton, Bernice Easton, Randy Payne and Teresa Payne are each individuals who own property, including mineral rights, in Payette County, Idaho that falls within the same oil and gas "spacing unit" approved by the Idaho Oil and Gas Conservation Commission. None of them agreed to lease or sell their mineral rights, but all of them have been "deemed leased" by the Oil and Gas Commission, meaning their mineral rights have been sold against their will.

4. Plaintiffs Dennis Newman, Pete Simmons, Cookie Atkins and Janie Rodriguez are each individuals who own property, including mineral rights, in Payette County, Idaho that falls within the same oil and gas "spacing unit" approved by the Idaho Oil and Gas Conservation Commission. Each of them agreed years ago to lease their mineral rights with the expectation that a single well would be drilled near their homes.

5. Dustin Miller is the Director of the Idaho Department of Lands, and is sued in that capacity. In that role Miller also serves as a member of the Oil and Gas Commission. Defendants Betty Coopersmith, Marc Shigeta, James Classen, and Ray Hinchcliff make up the remainder of the Idaho Oil and Gas Conservation Commission, and are sued in their official capacities as members of that Commission. These Defendants, acting as the Commission are responsible for administering and applying Idaho's Oil and Gas Conservation Act, codified at Idaho Code Chapter 47, Title 3.

6. This case asserts claims arising under the Constitution of the United States and thus this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983. The Court also has supplemental jurisdiction over claims arising under state law, if any, pursuant to 28 U.S.C. §1367.

COMPLAINT – 3

7. Both Plaintiffs and Defendants are residents of the State of Idaho, the acts and omissions giving rise to the cause of action occurred within the State of Idaho, and venue is thus appropriate in this Court.

### III. Facts Giving Rise to the Action

8. In recent years, reservoirs of natural gas and other hydrocarbons have been discovered to underlie parts of Idaho.

9. The lands under which such reservoirs of natural gas lie are frequently divided, held by multiple owners who hold title both to the surface and mineral rights associated with their property. Such ownership presents challenges for commercial development as private corporations wishing to drill for, extract and sell natural gas must reach agreement with multiple owners over methods of extraction, a fair price for the mineral rights held by those owners, and details of obtaining, marketing and profiting from sales of the minerals. Since those mineral rights are a property right, landowners cannot be compelled, without state action, to sell their mineral rights to drilling and extraction companies.

10. The State of Idaho has adopted statutory provisions compelling landowners to transfer their valuable mineral rights to private drilling companies when certain conditions are met. These conditions require an appropriate application for a "spacing order" and an "integration order."

11. A "spacing order" application requires the identification of a likely underground "pool" of hydrocarbons such as natural gas and seeks an order from the Idaho Oil and Gas Conservation Commission setting appropriate spacing of wells to recover the hydrocarbons efficiently and without excessive well-drilling.

COMPLAINT – 4

12.  An "integration order" application seeks an order from the Idaho Oil and Gas Conservation Commission which "integrates" the mineral rights owners, and requires them to sell those mineral rights on terms established by a combination of statute and administrative decision. Idaho statute establishes a royalty rate and sets a standard for any "bonus payment" while an administrative process sets other terms and conditions of sale.

13.  In May, 2016, two entities identified as AM Idaho, LLC, and Alta Mesa Services, LP, submitted an application for entry of a spacing order and an integration order concerning a potential pool of natural gas underlying land in Fruitland, Idaho.

14. Based upon that application and the sworn statements of employees and agents of Alta Mesa Services and AM Idaho, the Idaho Department of Lands and its Oil and Gas Conservation Commission issued an order integrating a spacing unit consisting of Section 14, Township 8 North Range 5 West, Boise Meridian, Payette County, Idaho. The spacing unit determination was based solely on the application materials, affidavits and testimony presented by AM Idaho and Alta Mesa Services.  The integration order led to the drilling of what became known as the "Barlow 1-14" well.

15.  The testimony and other evidence from Alta Mesa Services and AM Idaho related solely to a potential pool of hydrocarbons within what the applicants called "Sand D," a geologic structure consisting of a sand bed at a depth of approximately 4200'.

16.  In 2019 AM Idaho and Alta Mesa Services filed for bankruptcy protection in Texas, and Snake River Oil & Gas LLC obtained ownership of the mineral rights interests held by those companies and relating to the integration unit containing the Barlow 1-14 well.

17. On June 26, 2020, Snake River Oil & Gas LLC applied for a permit to drill a second well within the same spacing/integration unit, the new well being given the label "Barlow 2-14."

COMPLAINT – 5

The Barlow 2-14 well is to target a different pool of hydrocarbons than that which supported the integration order for the Barlow 1-14. The Barlow 2-14 will target "Sand B" a geologic structure lying at a depth of approximately 3900'. The surface location of the well will be within the spacing unit.

18. Certain mineral interest owners, including Plaintiffs, and CAIA objected to the issuance of a well drilling permit on multiple bases including that the drilling of a second well was not contemplated in the original spacing and integration order and thus had not been subjected to the required legal process to establish "just and reasonable" terms for mineral owners.

19. The drilling permit was initially denied by the Mick Thomas, Administrator of Idaho Department of Lands' Oil and Gas Division. The Administrator's decision was appealed to the Oil and Gas Conservation Commission which reversed the decision and granted the permit to drill on October 26, 2020.

20. Shortly thereafter, on December 16, 2020, and in response to concerns raised by mineral rights owners, the Oil and Gas Conservation Commission initiated a "contested case" proceeding under the Idaho Administrative Procedures Act "as to whether the integration order in Docket No. CC-2016-OGR-01-00 . . . applies to the Barlow 2-14" well. Pursuant to the procedures of IDAPA, a hearing officer convened a hearing at which the parties were permitted to present evidence on whether an integration order from 2016, based upon an identified pool of hydrocarbons and which supported the issuance of a drilling permit for the Barlow 1-14, was adequate to also compel the release of mineral rights in a different pool to be extracted through a different well.

COMPLAINT – 6

21. The Hearing Officer issued a Recommended Order in which he recommended that the prior integration order be considered adequate to also transfer the mineral rights to this second pool of hydrocarbons. The Oil and Gas Conservation Commission adopted the recommended order, making it final on May 28, 2021.

22. Between the issuance of the original Integration Order in 2016 and the consideration of the same issues in 2020, this Court ruled in *C.A.I.A. et al. v. Schultz*, USDC Idaho, Case No. 1:17-cv-0264-BLW, Dkt. 36, that a procedure identical to that used in OGCC Case No. 2016-OGR-01-001 was insufficient to satisfy the requirements of the due process clause of the United States Constitution. The Idaho Department of Lands, its Administrator for oil and gas operations, and the Idaho Oil and Gas Conservation Commission all relied upon the 2016 integration order to justify the imposition of a new well and the forced sale of a new "pool" of hydrocarbons against the wishes of the Plaintiffs, owners of those hydrocarbons.

23. Plaintiffs are now subject to a final order which compels them to transfer their valuable property to a third party, corporate entity, for purely commercial purposes at prices to which they did not agree, on terms they did not agree to, and without just compensation for their property.

### IV.  Claim for Relief

42 USC §1983

24. Plaintiffs incorporate as if fully restated herein the preceding paragraphs.

25. Plaintiff Landowners as well as members of Plaintiff CAIA have property interests in the minerals underlying their homes and lands.  Those interests may only be denied, revoked or reduced in a manner consistent with due process of law pursuant to the Fifth and

Fourteenth Amendments to the United States Constitution and pursuant to federal and state statutory provisions.

26. Defendants, acting under color of state law, denied Plaintiffs due process of law by depriving Plaintiffs of their property without ensuring that the terms of the deprivation were "just and reasonable" as required by federal law. In addition, Defendants have imposed additional deprivations on Plaintiffs without making any determination that the terms of the most recent integration were consistent with the requirement of just and reasonable terms.

27. The Idaho Oil and Gas Conservation Act establishes terms and conditions of sale of mineral rights at prices that are arbitrary, without reason, and discriminatory to mineral rights owners, favoring instead the oil and gas industry. As an exercise of the State's police power, the Oil and Gas Conservation Act violates substantive and procedural due process, and fails to provide equal protection of the laws to citizens of the State of Idaho including Plaintiffs.

28. Defendants have appropriated private property by approving and compelling the forced lease of mineral rights, and surface use rights of the Plaintiffs' property, without ensuring just compensation as required by the Fifth Amendment to the United States Constitution

24. As a direct and proximate result of the foregoing, Plaintiffs have and will suffer a violation and loss of their rights, as well as damages in amounts to be proven. Plaintiffs are entitled to declaratory and injunctive relief, including an order invalidating the final orders entered by Defendant Schultz and the Idaho Oil and Gas Conservation Commission.

WHEREFORE, Plaintiff prays for relief as follows:

a. For declaratory relief finding the final orders affecting Plaintiff landowners' properties invalid and unenforceable as a matter of law;

      b.      For permanent injunctive relief barring Defendants from relying on, applying or utilizing the Idaho Oil and Gas Conservation Act unless and until they provide the protections required by the United States Constitution;

      c.      For a declaration and permanent injunctive relief finding the Idaho Oil and Gas Conservation Act as currently written and applied invalid as a matter of law;

      d.      For trial by jury as to all matters so triable;

      e.      For fees and costs;

      f.      For such other and further relief as the Court deems just and proper.

Dated this 13th day of September, 2021.

                                      PIOTROWSKI DURAND, PLLC

                                      /s/    James M. Piotrowski
                                    James M. Piotrowski
                                    Attorneys for Plaintiffs

COMPLAINT – 9