**Michael Christian, ISB No. 4311**
**Of Counsel**
**HARDEE, PIÑOL & KRACKE, PLLC**
Attorneys at Law
1487 South David Lane
Boise, Idaho 83705
Telephone:  (208) 433-3913
Telefax:  (208) 342-2170
Email: *mike@hpk.law*

*Attorney for Intevenor/Defendant SNAKE RIVER OIL AND GAS, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS ALLIED FOR INTEGRITY AND ACCOUNTABILITY, INC., MELVIN and TERRI PERSON, JAMES and JAN MITCHELL, SUE BIXBY, MARTINA JARAMIOLLO, RYAN KECK, KRISTIE RAE COOPER, HARVEY and BERNICE EASTON, RANDY and TERESA PAYNE,<br><br>              Plaintiffs,<br><br>vs.<br><br>DUSTIN MILLER, in his official capacity as Director of the Idaho Department of Lands, BETTY COPPERSMITH, MARC SHIGETA, JAMES CLASSEN, and RAY HINCHCLIFF, all in their official capacities as members of the Idaho Oil and Gas Conservation Commission,<br><br>              Defendants. | MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY INTERVENOR/DEFENDANT SNAKE RIVER OIL AND GAS, LLC |

## I.        INTRODUCTION

The Complaint in this case is a transparent attempt to evade the clear bar of the applicable statute of limitations. Having failed to even participate in the administrative proceedings leading to an order of the Idaho Department of Lands issued on August 5, 2016, and having failed to timely sue to challenge it in either state or federal court, Plaintiffs now seek to bootstrap their way to a constitutional challenge to the August 5, 2016 Order. They do so by attempting to assert the constitutional claims regarding an order of the Idaho Oil and Gas Conservation Commission from May 28, 2021 – when it and the administrative proceeding leading to it expressly involved *only* an interpretation of the existing scope of the August 5, 2016 Order, not whether any mineral interest owner's interest should be integrated, or what the terms of integration should be. Those issues had already been decided in 2016.

The Court should not be snowed by this tactic. The Plaintiffs could have participated in the original integration application proceedings back in 2016 but failed to do so. They could have timely sued in this Court years ago to assert constitutional claims regarding the August 5, 2016 Order but did not. The May 28, 2021 Order is expressly limited solely to an interpretation of the scope of the August 5, 2016 Order, which is a subject the Plaintiffs should have addressed through a petition for judicial review in state court under the Idaho Administrative Procedure Act, but did not.

Moreover, having entirely failed to participate in the proceedings that led to the August 2016 order they now attack, they have waived any due process challenge to it. Also because of their complete failure to participate in the process preceding the August 5, 2016 Order, any injury they now claim is entirely speculative, and they lack Article III standing.

Finally, several of the named Plaintiffs are voluntary lessors to Snake River, and any claim they have is contractual, not constitutional. They have no claim under 28 U.S.C. § 1983.

No genuine issue of material fact remains. The Complaint should be dismissed.

## II.    SUMMARY OF UNDISPUTED MATERIAL FACTS

Snake River's Statement of Undisputed Material Facts ("SOF") has been filed concurrently with this Memorandum. The undisputed facts may be summarized as follows:

1.      Snake River explores for and produces oil and gas in Southwest Idaho. It is the successor in interest to the August 5, 2016 Order integrating mineral interests in Section 14 that is the subject of the Complaint. It is also the recipient of the drilling permit for the Barlow #2-14 well and the May 28, 2021 Order of the Idaho Oil and Gas Conservation Commission ("Commission") determining that the Barlow #2-14 well was covered by the August 5, 2016 Order. *SOF 1, 2, 6, 7, 15, 17, 23.*

2.      In Idaho, as elsewhere, revenue from oil and gas wells is shared across an area called a "spacing unit," in recognition that oil and gas withdrawn from a well is drained from a larger area which may include properties other than the one on which the wellhead is located. A standard spacing unit for a gas well is a 640-acre section. The spacing unit involved here covers Section 14, Township 8 North, Range  West, in Payette County.  *SOF 3.*

3.      "Integration" (called "pooling" in some other states) is a statutory process by which compensation to mineral interest owners in spacing unit who have not voluntarily leased may be addressed such that development may go forward and an uncommitted interest owning a minority of the area in the spacing unit may not effectively veto development over the wishes of the voluntarily leased majority.  *SOF 5.*

4.      The uncommitted mineral interest in Section 14 was integrated in an August 5, 2016 Order of the Department of Lands, the administrative arm of the Commission.   *SOF 7.*

5.      Despite notice and opportunity, Plaintiffs did not participate in the state administrative proceedings leading to the August 5, 2016 Order. They did not appeal the Order to the Commission or seek judicial review of that order pursuant to the Idaho Administrative Procedure Act.  *SOF 8-12.*

6.      Following the August 5, 2016 Order, Snake River's predecessor drilled the Barlow #1-14 well in the Section 14 spacing unit. In 2020, Snake River applied for a permit to drill a second well in the unit, the Barlow #2-14 well. The Department initially denied the permit.  Snake River appealed that decision to the Commission, which reversed the Department's decision and ordered a drilling permit to be issued.   *SOF 14-17.*

7.      In December 16, 2020, however, the Commission ordered that a contested case administrative proceeding be conducted, the sole stated purpose of which was: "TO DETERMINE WHETHER [the August 5, 2016 Order] APPLIES TO THE PROPOSED PERMITTED BARLOW 2-14 WELL." The contested case led to a May 28, 2021 Order of the Commission determining that the Barlow #2-14 well was in fact covered by the existing August 5, 2016 Order for Section 14. *SOF 18-19, 21-23.*

8.      Two Plaintiffs, CAIA and Mel Person, did participate in the state administrative proceedings that led to the May 28, 2021 Order. They did not seek judicial review of that order pursuant to the Idaho Administrative Procedure Act.  *SOF 20, 24.*

9.      The contested case proceeding and the May 28, 2021 Order did not determine whether uncommitted mineral interests should be integrated, and did not decide the terms of integration.  Both of those things had been done in the August 5, 2016 Order.  *SOF 7, 21-22.*

10.     Certain of the named Plaintiffs – Newman, Simmons, Atkins and Rodriguez – are voluntary lessors.  Their leases all specifically allowed their lessee to include their properties in a unit for drilling purposes, and as a result none of them were the subject of the August 5, 2016 Order (or, consequently, the May 28, 2021 Order). *SOF 27.*

11.     Plaintiffs' Complaint seeks to invalidate the August 5, 2016 Order (as well as more broadly invalidating the entire Idaho Oil and Gas Conservation Act as written and as applied), based on the alleged deficiencies in the August 5, 2016 Order.  *Docket No. 1.*

### III.     ARGUMENT AND AUTHORITY

**A.  Plaintiffs' claim under 42 U.S.C. § 1983 is barred by the applicable statute of limitations.**

Plaintiffs clearly seek to attack the August 5, 2016 Order by bootstrapping to the May 28, 2021 Order and claiming it is a "new injury." The opening of their complaint clearly lays out this tactic:

> The Idaho Oil and Gas Conservation Commission approved the drilling of a single well for a single pool of gas in a prior proceeding. Dissatisfied with this earlier deprivation of Plaintiffs' property rights, in 2021 the Commission and the Idaho Department of Lands approved a new deprivation of separate property against the same landowners, this time without even a false showing of due process. The approval of a second well, constitutes a new injury in that it initiates a second forced sale of Plaintiffs' property against their wishes.

*Complaint, ¶ 1.*

The Complaint's claim asserted under 28 U.S.C. § 1983 is based entirely on this framing. The problem is that it is entirely false and misrepresents the May 28, 2021 Order. The May 28, 2021 Order expressly did not involve a "new deprivation of separate property" or "initiate[] a second forced sale of Plaintiffs' property." Rather, as it set forth in detail, the Commission (through adoption of the hearing officer's recommended order) only reiterated that the August 5, 2021 Order *already covered* any subsequent well in the spacing unit when it was issued. *SOF 21*

("The integration order in Docket No. CC-2016-OGR-01-001 granted the application for integration according to the terms and conditions requested by the applicants; did not limit the Section 14 Barlow Unit to one well; and did not require a new integration application process for a second well; integrated all separate tracts without restriction by depth, pool or well."). In other words, there was no "second forced sale," and no "new injury." Any injury allegedly sustained by Plaintiffs occurred upon the issuance of the August 5, 2021 Order.

A claim under 42 U.S.C. § 1983 based on an assertion of denial of procedural due process regarding the August 5, 2016 Order is time-barred. 42 U.S.C § 1983 does not contain any provision regarding limitation of actions. The United States Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). Idaho Code § 5-219(4) provides for a two-year limitations period for claims for injury to person or property. Idaho Code § 5-201 provides that "[c]ivil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued." Thus, an action asserting a claim under §1983 would have to be commenced within two years after the cause of action accrued. The August 5, 2016 Order became final as of August 22, 2016 by virtue of the failure of any person to appeal the Order to the Commission, and any cause of action under 42 U.S.C. §1983 accrued no later than then. Thus, the latest Plaintiffs could have sued under § 1983 was August 22, 2018.[1]  Plaintiffs' claim is clearly time-barred.

The Complaint misleads elsewhere in its description of the process below.  The contested case ordered by the Commission in its December 16, 2020 Order was not for the purpose of

---

[1]      Plaintiffs could have sued over the Section 14 integration order at the same time as they sued in *CAIA v. Schultz*, in  2017, but did not. They could have sued immediately after the decision in *CAIA v. Schultz* was issued on August 13, 2018, but did not.

allowing parties to present evidence whether the August 5, 2016 Order was "adequate" to "compel the release of mineral rights" related to the Barlow #2-14 well.  The May 28, 2021 Order did not determine that the August 5, 2016 Order was "adequate" to "transfer the mineral rights" related to the planned Barlow #2-14 well.  No question of "adequacy" or "transfer" was involved.  *See Complaint, ¶¶ 20, 21; SOF 21, 22.*  As the Commission made clear, the sole issue in the contested case was to "determine whether [the August 5, 2016 Order] applies to the proposed permitted Barlow #2-14 well."  *SOF 18.*  In other words, the question was solely to interpret the scope of the 2016 integration order *from its inception* – did it, as issued, cover all formations and depths such that a second well could be drilled in the unit under its terms, or was it limited to the Barlow #1-14 well?

There is no question that Plaintiffs were afforded ample process regarding that question. A complete contested case under the Idaho Administrative Procedure Act was conducted, in which some of the Plaintiffs participated. The decision in the May 28, 2021 Order – that the August 5, 2016 Order applied to the Barlow #2-14 well – is nothing more than an interpretation of the agency's own existing order. This is a subject squarely within the ambit of the Idaho Administrative Procedure Act. Judicial review under that Act may be sought exclusively in state court, by filing a petition for judicial review in the state district court within 28 days of the service date of a final agency order.  *Idaho Code § 67-5273*. None of the Plaintiffs sought that relief.

Colorful pleading by the Plaintiffs cannot obscure that their real challenge is to the economic terms of the August 5, 2016 Order.  *See Complaint, ¶ 23* ("Plaintiffs are now subject to a final order which compels them to transfer their valuable property to a third party . . . at prices to which they did not agree[.]"). The time for asserting a procedural due process challenge

to that order expired long before they filed their Complaint. They cannot bootstrap their way out of that bar though a later order on different topic.

**B. Plaintiffs waived any due process claims regarding the content of the August 4, 2016 Order by failing to participate in any way in the administrative proceedings the preceded the issuance of the Order.**

At least as importantly, *no* Plaintiff mineral owner from Section 14 participated in the hearing that resulted in the issuance of the August 5, 2016 Order which Plaintiffs now claim was deficient. As the Order reflects, four mineral owners of two tracts filed written objections to the applications which led to the Order, but none appeared at the hearing to oppose the applications, and their written objections provided no evidentiary support for any challenge to the applications. Failure to participate in the hearing which is the subject of the due process challenge constitutes a waiver of the challenge. *See Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)("[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."); *see also Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)("A State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance[.]"). By failing to attend the hearing, the Plaintiff mineral owners "gave up [their] right to test the correctness of the . . . decision." *See Pitts v. Bd. of Educ*., 869 F.2d 555, 557 (10th Cir. 1989).[2]

**C. Plaintiff cannot establish Article III standing, as any injury claimed by them is necessarily speculative.**

Additionally, Plaintiffs' failure to participate in the available hearing process in 2016

---

[2]     In his decision in *CAIA v. Schultz*, Judge Winmill decided only that the integration statute was unconstitutionally applied in the Fallon #1-10 matter. *Memorandum Decision and Order*, p. 7, n. 9. Having waived the process entirely, Plaintiffs here may not now challenge how it hypothetically may have occurred as to Section 14.

---

prevents them from obtaining standing to pursue a claim that the hearing process was constitutionally deficient.  To satisfy Article III standing, a plaintiff must show: (1) it "ha[s] suffered an 'injury in fact'" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) a "causal connection between the injury" and the challenged action of the defendant; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).  Plaintiffs' position must rest on the assertion that, had any directly affected mineral owner actually participated in the available hearing process rather than waiving it: (a) the hearing would have proceeded in identical fashion to the hearing for the Fallon #1-10 unit that was attacked in *CAIA v. Schultz*; (b) the relevant facts and circumstances regarding the unit would have been established as identical to those in the Fallon #1-10 unit; and (c) they would not have obtained an integration order with "just and reasonable terms," different from or additional to those actually ordered. This is entirely speculative, particularly given the wide discretion afforded the Department in determining "just and reasonable terms" for integration of mineral interests in a given spacing unit.  *Idaho Code § 48-320.*   Injury in fact cannot be established through speculation. A theory of injury "which relies on a highly attenuated chain of possibilities" does not support standing.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

In *CAIA v. Schultz*, Judge Winmill only ruled that the statute was unconstitutionally applied in the Fallon #1-10 unit integration hearing process.  *Memorandum Decision and Order*, p. 7, n. 9.  It is entirely speculative for Plaintiffs to assert that a process which never occurred, because the Plaintiffs elected not to participate, hypothetically would have occurred in the same manner as the hearing process that actually took place in an entirely different matter. It is equally

speculative for Plaintiffs to assert that they would have received a materially different result under a different procedure. In other words, either (a) they have suffered no concrete, particularized injury as a result of the alleged due process violation, or (b) it is speculative that any alleged injury would be redressed (i.e., they would obtain a materially different result) by additional procedure. Plaintiffs fail one or the other of these requirements for standing.

### D. **<u>Those named Plaintiffs who voluntarily leased their mineral rights are not subject to the integration order and have no claims related to it</u>**.

The Complaint identifies Plaintiffs Dennis Newman, Pete Simmons, Cookie Atkins and Janie Rodriguez as mineral owners who "agreed years ago to lease their mineral rights with the expectation that a single well would be drilled near their homes." *Complaint, ¶ 4*. Whether their leases allow the drilling of more than one well is a matter of contract between them and the lessee of their mineral rights, not constitutional law. There is no evidence that the leases to each of these Plaintiffs restrict the lessee operator to a single well in a spacing unit in which their property is located, or that it restricts the lessee from establishing a spacing unit that allows for more than a single well in the unit. In fact, the leases each provide the opposite. *SOF 27.*

Any dispute between the lessor Plaintiffs and Snake River as a lessee regarding the terms of their lease does not involve state action and does not support a §1983 claim. "The Supreme Court has long held that "merely private conduct, however discriminatory or wrongful," falls outside the purview of the Fourteenth Amendment. *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (citation omitted)." *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).

### IV.   CONCLUSION

Plaintiffs' Complaint is a clear attempt to evade the bar of the applicable statute of limitations. By failing to participate at all in the proceedings that led to the August 5, 2016

Order, Plaintiffs waived any due process challenge.  For the same reason Plaintiffs cannot establish any injury in fact.  The results of subsequent integration proceedings indicate any claim additional process would produce a different result is speculative. They therefore lack standing. Finally, the voluntary lessor Plaintiffs have no claim under § 1983 for what is a purely contractual matter.   For these reasons, summary judgment should be granted dismissing Plaintiffs' Complaint.

      Dated this 12th day of August, 2022.

                      HARDEE, PIÑOL & KRACKE, PLLC


                      By_____/ss/_____
                             Michael Christian,
                             Attorney for Intervenor/Defendant
                             *SNAKE RIVER OIL AND GAS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of August, 2022, a true and correct copy of the foregoing was served on the following individual(s) by the method indicated:

James M. Piotrowski
Piotrowski Durand, PLLC
PO Box 2864
1020 W. Main Street, Suite 370
Boise, Idaho  83701
James@idunionlaw.com
*Attorneys for Plaintiffs*

_____ *HAND DELIVER*
_____ *U.S. MAIL*
_____ *OVERNIGHT MAIL*
_____ *TELECOPY (FAX)*
         :(208) 331-9201
_____ *EMAIL*
_____ *ELECTRONIC MAIL*
__X____ *ECF*


Joy M. Vega
Kristina N. Fugate
Deputy Attorney General
Natural Resources Division
Office of the Attorney General
PO Box 83720
Boise, Idaho  83720-0010
joy.vega@ag.idaho.gov
kristina.fugate@ag.idaho.gov
*Attorneys for Defendants*

_____ *HAND DELIVER*
_____ *U.S. MAIL*
_____ *OVERNIGHT MAIL*
_____ *TELECOPY (FAX)*
         :(208) 854-8072
_____ *EMAIL*
_____ *ELECTRONIC MAIL*
___X___ *ECF*


_____