UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS ALLIED FOR INTEGRITY AND ACCOUNTABILITY, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> MILLER et al., <br><br> Defendants. | Case No. 1:21-cv-00367-DCN <br><br> **AMENDED[1] MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are two motions for attorney's fees. Both the State Defendants (Dkt. 39) and the Intervenor–Defendant ("Snake River") (Dkt. 42) have filed separate motions asking the Court to award them attorney's fees. For the reasons below, both motions are DENIED.

## II. BACKGROUND

On August 5, 2016, the State Defendants issued a mineral integration order allowing Snake River's predecessor to sink a well on properties near Fruitland, Idaho, including Plaintiffs' properties. Dkt. 1. These integrated properties became known as Section 14 and the well as Barlow 1-14; some of the property owners ("Leased Plaintiffs") signed a lease with Snake River while other property owners refused. *Id.* On June 26, 2020, Snake River

---

[1] The only change in this document is the final line of the Court's order which previously stated: "Each party will bear its own costs." As amended, this line now reads: "Each party will bear its own attorney's fees." The Court's inadvertent use of "costs" instead of "fees" recently caused confusion as it relates to the Bills of Costs filed by Defendants and Intervenors. *See* Dkts. 40, 41.

<u>**AMENDED**</u> MEMORANDUM DECISION AND ORDER - 1

applied with the State Defendants to sink another well, Barlow 2-14, in Section 14 and the Plaintiffs again objected. *Id.* This time, Plaintiffs contended that to sink a new well, a new integration order would be required. They argued that the prior 2016 order allowed for the sinking of "a well," not multiple wells. Dkt. 34 at 1. A new integration order would have significant consequences for Snake River, as a 2018 case had heightened the standard of due process required for these orders. *See Citizens Allied for Integrity and Accountability, Inc. v. Schultz*, 335 F. Supp. 3d 1216, 1228 (D. Idaho 2018). Plaintiffs argued that the 2016 integration process was constitutionally deficient because it fell below the standard required by *Schultz* and allowing a new well was a continuing harm that reset the statute of limitations. *See id.*; Dkt. 34 at 3.

The State Defendants ratified the sinking of a new well over Plaintiffs' objections and the Plaintiffs filed suit on September 13, 2021. Dkt. 1. Then, on December 17, 2021, Snake River moved to join the case as an intervenor–defendant, alleging that it could provide additional needed insight. Dkt. 10. The Court granted the intervention over Plaintiffs' objections (Dkt. 20), and Plaintiffs, Snake River, and the State Defendants all moved for summary judgement on August 12, 2022 (Dkts. 24–26). The Court granted Snake River and the State Defendants' motions and denied Plaintiffs' motion on the basis that the statute of limitations had run and that the 2020 decision to allow the Barlow 2-14 well to be sunk was simply an administrative clarification rather than a new integration order. Dkt. 37. Being the prevailing parties, Snake River and the State Defendants now ask for an award of attorney's fees. Dkts. 39, 42.

## III. LEGAL STANDARD

Attorney's fees may be awarded to a prevailing defendant. Fed. R. Civ. P. 54(d)(1); Dist. Idaho Loc. Civ. R. 54.2; 42 U.S.C. § 1988(b). The Court has discretion in determining whether to award attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Attorney's fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770 (9th Cir. 1990).

## IV. DISCUSSION

Attorney's fees should be awarded only if an action was "wholly without merit." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (stating that attorney's fees should not be assessed unless the plaintiff's complaint was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," or "brought or continued such a claim in bad faith").

### A. State Defendants' Motion

Losing a case "at summary judgment does not make that case per se frivolous, unreasonable, or without foundation." *Galen*, 477 F.3d at 667. "When the law or the facts appear questionable or unfavorable at the outset, a party may [still] have an entirely reasonable ground for bringing suit." *Christiansburg Garment*, 434 U.S. at 422. Even when the law has been clearly established in the Supreme Court and other courts of appeal, if a party raises it for the first time in another court, such an "argument cannot be characterized as wholly without merit." *Taylor AG Indus. v. Pure-Gro*, 54 F.3d 555, 563 (9th Cir. 1995) (cleaned up).

**AMENDED** MEMORANDUM DECISION AND ORDER - 3

Here, the Court granted State Defendants and Snake River summary judgment, so they are eligible for attorney's fees. Dkt. 42-1, at 2. It remains, however, within the Court's discretion to award them, and here, the Court is not persuaded that Plaintiff's claims were so frivolous, unreasonable, or groundless that fee-shifting is warranted. Hindsight being what it is, the legal issues resolved at summary judgment might seem obvious or settled from today's vantage point. But it was not clear from the outset that the 2021 administrative decision concerning Barlow 2-14 was a necessary byproduct of the 2016 integration order—and so whether the statute of limitations had run. Further, the Ninth Circuit caselaw on continuing violations is complex enough that Plaintiffs could argue about it in good faith. Thus, the question of whether the continuing violations doctrine applied was not frivolous, unreasonable, or groundless.

The Leased Plaintiffs' claims were not wholly frivolous either. Though they had signed a lease with Snake River, and so necessarily had fewer arguments, their remaining arguments were not completely baseless. Again, these issues were not clear at the outset, and the Leased Plaintiffs promptly abandoned those claims that became untenable. *See* Dkt. 42-1, at 7–8.

For these reasons the Court DENIES the State Defendants' Motion. The Court need not determine whether the attorney's fees were reasonable as no fees are being awarded.

## B. Snake River's Motion

"Awards to intervenors should not be granted unless the intervenor plays a significant role in the litigation." *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1535 (9th Cir. 1985). If the "intervenor contributed little or nothing of substance in producing

**AMENDED** MEMORANDUM DECISION AND ORDER - 4

that outcome," or if the objective would be achieved without their participation, "then fees should not be awarded." *See Donnell v. United States*, 682 F.2d 240, 247–48 (D.C. Cir. 1982).

Here, Snake River was not a party to this case until it moved to intervene. Dkt. 10. Plaintiffs opposed the intervention. Dkt. 18. Once brought into the case, Snake River contributed a fraction of the resources the State Defendants did. *See* Dkts. 39-1, 42-1 (contrasting the State Defendants' billable hours of 867.8 with Snake River's hours of 129.15). And its briefing on the various motions for summary judgment was largely duplicative of the State Defendants' motions and briefs. Thus, the Court finds that Snake River's contribution to the litigation was not significant enough to warrant a fee award.

Further, by seeking to intervene over Plaintiffs' objections, Snake River brought the cost of attorney's fees on itself. Dkt. 10-1. Snake River cannot have it both ways: either the legal and factual issues were so complex that it needed to intervene to "offer a necessary perspective to the litigation," (Dkt. 10) or the issues were so simple and obvious that it was frivolous for the Plaintiffs to bring suit at all. Because the Court granted Snake River's Motion to Intervene, it will hold Snake River to the first position.

For these reasons, as well as the reasons stated above regarding the State Defendants, the Court will DENY Snake River's Motion.

## V. CONCLUSION

Because it was not clear at the outset whether the 2021 administrative decision was an inevitable byproduct of the 2016 integration order, it was not obvious whether Plaintiff's claims were time barred, and so their arguments were not wholly without merit. Further,

**AMENDED** MEMORANDUM DECISION AND ORDER - 5

even if Plaintiff's claims were wholly without merit, in order for Snake River to receive attorney's fees they must show that they contributed significantly to the litigation. Snake River did not. For these reasons, the Court DENIES both motions for attorney's fees.

## VI.  ORDER

The Court HEREBY ORDERS:

1. The State Defendants' Motion (Dkt. 39) is DENIED.

2. Snake River's Motion (Dkt. 42) is DENIED.

3. Each party will bear its own attorney's fees.[2]

DATED: November 14, 2023

David C. Nye
Chief U.S. District Court Judge

---

[2] Costs will be decided separately.

**AMENDED** MEMORANDUM DECISION AND ORDER - 6